BALLESTER, PLAINTIFF AND APPELLEE, v. MARTÍNEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in an Action
for Cancelation of Records.—Motion for Dismissal.

No. 3212.—Decided January 18, 1924.

APPEAL—STATEMENT OF CASE—NOTICE.—The law does not impose upon the clerks
of district courts the duty of giving notice to the appellant of the approval
or disapproval of a statement of the case.

ID.—ID.—The trial court may refuse to approve a totally incomplete statement
of the case and is not bound to suggest amendments. When the appellant
fails to file an amended statement of the case before the expiration of thirty
days from the date of the notice of appeal, a motion for dismissal will be
sustained.

The facts are stated in the opinion.

Mr. V. P. Martínez for the appellants.

Mr. J. D. Rodríguez for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to dismiss an appeal taken on October
19, 1923. The theory of the motion is that there is no valid
statement of the case nor bill of exceptions and hence the
transcript must be filed within 30 days. Rule 40; Ciuro v.
Ciuro, 20 P. R. R. 36.

Here similarly to the Ciuro Case the appellant presented
a so-called statement of the case. To this the appellee filed
an objection setting forth that the said statement was not
a faithful exposition of the facts. Then the appellant
countered with a request that the objection be stricken. The
court however examined the statement of the case and on
November 5, 1923, found it entirely deficient. This action
of the court was notified to the appellant on December 10th.

Appellant urges in effect that his right to file the tran-
script should date from December 10, 1923. We have
decided several times that the secretary is under no duty to
notify the approval or disapproval of a statement of the case.
Benítez v. Díaz, 28 P. R. R. 673; Guardian Assurance Co.
v. López, 24 P. R. R. 597; Succession of Landrau v. Suc-
cession of Landrau et al., 25 P. R. R. 154.

We agree with the appellee that the case of *Martínez* v. *Soto Nussa,* 22 P. R. R. 559, holds that the trial court has a right to refuse to lend its approval to a totally incomplete statement of the case. The court then is not bound to suggest amendments, as appellant seeks to maintain. The presumption is, until otherwise demonstrated, that the court was not mistaken in finding the statement of the case totally lacking.

Perhaps the appellant, diligently moving and presenting a reformed statement, might have had some remedy, but as the record shows that there is no existing statement, Rule 40 and the jurisprudence must be applied and the appeal dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.